891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM KEHOE ASSOCIATES, Plaintiff-Appellant,
v.
INDIANA TUBE CORPORATION, Defendant-Appellee.
 Nos. 88-1502, 88-2225.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before MERRITT and KRUPANSKY, Circuit Judges, and JAMES L. GRAHAM, District Judge*.
 PER CURIAM.
 
 
 1
 This diversity action was commenced by plaintiff-appellant William Kehoe Associates, a Michigan corporation, (Kehoe) on January 8, 1987 against defendant-appellant Indiana Tube Corporation, an Indiana corporation, in the Circuit Court for the County of Oakland, Michigan alleging that the appellee breached a sales representation agreement and terminated his commissions causing him injury in loss of past and future profits, goodwill, and reputation within the business community. Indiana Tube removed the case to the United States District Court for the Eastern District of Michigan. After four days of trial before a jury, the district court granted appellee's motion for a directed verdict at the conclusion of appellant's case and entered judgment and its opinion on April 12, 1988. Appellant timely appealed. Appellant moved to strike appellee's motion for costs arguing that pursuant to Local Rule 32-(j)(4) of the District Court for the Eastern District of Michigan a party which rejected a mediation panel disposition of the action should not be permitted to tax costs against an adversary party who had accepted the panel's recommendation. Appellant also charged a lack of supporting documentation and proof to support an award of costs. A magistrate denied appellant's motion and ruled the objections as premature. Subsequently, the Clerk allowed $2,260,90 of the $7,703.48 in costs claimed by Indiana Tube. Indiana Tube thereafter filed an amended tax bill of costs for $6,540.75. The district court awarded $2,006.88 as witness fees and $1,042.44 as deposition costs to Indiana Tube. Appellant appealed from the district court's order on November 23, 1988. The appeal from the district court's directed verdict in favor of Indiana Tube was consolidated with the appeal from its award of costs.
 
 
 2
 William Kehoe, a manufacturer's representative, serviced the Handy and Harmon Tube (H & HT) account in Michigan for many years through his totally owned corporation, William Kehoe Associates. On recommendation of Gary Goddard of H & HT, a wholly owned subsidiary of Handy and Harmon, Inc., Kehoe personally solicited the business of Fairview Tubular Products (Fairview), an account Indiana Tube (another wholly owned subsidiary of Handy and Harmon, Inc.) had previously been unable to obtain. Kehoe's solicitation of Fairview was undertaken pursuant to an oral agreement consummated between Kehoe and Bill Joy, President of Indiana Tube. Neither the term of the contract, commissions payable, nor other conditions of the contract of representation were discussed. Kehoe was successful and obtained Fairview's business for Indiana Tube.
 
 
 3
 Kehoe personally devoted progressively less time to service the Indiana Tube account, and ultimately assigned it to a new, inexperienced employee of his corporation. Indiana Tube conveyed its displeasure as to the manner in which the Fairview account was being serviced and ultimately terminated its arrangement with Kehoe's corporation with a six weeks notice, and serviced the account with its own employee. Indiana Tube paid commissions to Kehoe on all orders Fairview had consummated prior to the termination of his employment contract.
 
 
 4
 Appellant argues (1) that absent an agreement specifying the duration of an employment contract, it endures for a reasonable period, and six weeks was insufficient notice of termination and (2) that he was entitled to commissions on sales to Fairview for an indefinite period because he was the "procuring cause" of the business.
 
 
 5
 An agreement which fails to define the term of a contract of employment is a contract which may be terminated by either party at will. Under Michigan law announced in Reed v. Kurdziel, 352 Mich. 287, 89 N.W.2d 479 (1958), this court must conclude that it is the acquisition of orders, not the acquisition of the customer that is protected by the "procuring cause" doctrine and the trial court's directed verdict was correct.
 
 
 6
 Having considered the record in its entirety, the briefs of the parties, and the arguments of counsel, this court finds appellant's remaining assignments of error to be without substance.
 
 
 7
 Accordingly, the directed verdict in favor of defendant-appellee Indiana Tube Corporation is AFFIRMED for the reasons stated above and for the reasons articulated in Judge DeMascio's opinions filed on May 2, 1988 and November 8, 1988.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge, United States District Court for the Southern District of Ohio, sitting by designation